IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER GRANTING STATE OF OREGON'S MOTION TO QUASH SUBPOENA OF GOVERNOR BROWN |
| v. | |
| AMMON BUNDY, RYAN BUNDY, SHAWNA COX, PETER SANTILLI, DAVID LEE FRY, JEFF WAYNE BANTA, KENNETH MEDENBACH, and NEIL WAMPLER, | |
| Defendants. | |

1 -   ORDER GRANTING STATE OF OREGON'S MOTION TO QUASH SUBPOENA OF
      GOVERNOR BROWN

**BROWN, Judge.**

This matter comes before the Court on the State of Oregon's Motion (#1067) to Quash Subpoena of Governor Brown by which Defendant Ryan Bundy seeks to require Kate Brown, Governor of the State of Oregon, to testify as a witness at the jury trial in this criminal proceeding. For the reasons that follow, the Court **GRANTS** the Motion.

"Heads of government agencies are not generally subject to subpoena, . . . and they may only be compelled to appear and testify under narrow circumstances." *United States v. Washington*, NO. CR 11-61-M-DLC, 2012 WL 3061519, at *1 (D. Mont. July 26, 2012)(citing *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979)). *See also United States v. Morgan*, 313 U.S. 409 (1941). "[T]op executive department officials should not, absent extraordinary circumstances, be called to testify or deposed regarding their reasons for taking official action." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007). "This rule is based on the notion that '[h]igh ranking government officials have greater duties and time constraints than other witnesses' and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Id.* (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)). Extraordinary circumstances that

justify calling a high-ranking government official to testify exist when "high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not available through any other sources.'" *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, C01-1351 TE, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008)(quoting *Bogan*, 489 F.3d at 423).

Ryan Bundy contends he is entitled to require Governor Brown to appear and to testify as to (1) details of the law-enforcement response to the alleged events at Malheur National Wildlife Refuge (MNWR) in January and February 2016 and (2) public statements the Governor allegedly made regarding danger at MNWR. Bundy argues both of these factors impeded the employees[1] of the Bureau of Land Management (BLM) and U.S. Fish and Wildlife Service (USFWS) in the performance of their official duties, and, therefore, evidence thereof is relevant to negate the government's theory of the case.

The Court notes Ryan Bundy has not demonstrated Governor Brown has any personal knowledge of the law-enforcement response to the events at MNWR that is not otherwise available from other sources, notably including the law-enforcement officials present

---

[1] As the Court has repeatedly explained in pretrial proceedings, however, the conspiracy crime alleged in Count One of the Superseding Indictment does not require proof that any "conspirator" actually impeded any such employee.

3 -   ORDER GRANTING STATE OF OREGON'S MOTION TO QUASH SUBPOENA OF GOVERNOR BROWN

at the time who actually directed and carried out such operations. Moreover, even if it was relevant and established that Governor Brown's public statements may have impeded the USFWS and BLM employees in the performance of their duties, there is not any showing that Governor Brown is an appropriate witness for such assertions because there is not any showing that she even knows which USFWS or BLM employees may have heard such statements and, in any event, how they may have reacted to those statements. Ryan Bundy, therefore, has failed to demonstrate that sufficient "extraordinary circumstances" exist that would justify compelling Governor Brown to appear to testify in this case.

Accordingly, on this record the Court **GRANTS** the State of Oregon's Motion (#1067) to Quash Subpoena of Governor Brown and **QUASHES** the subpoena served on Governor Brown by Ryan Bundy.

IT IS SO ORDERED.

DATED this 26th day of August, 2016.

*/s/ Anna J. Brown*
ANNA J. BROWN
United States District Judge